UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MARK McKINLEY, | ) | |
| Plaintiff | ) ) ) | |
| vs. | ) ) | CAUSE NO. 1:10-CV-311 RM |
| PREMIERE FOOD SERVICE, INC., | ) ) ) | |
| Defendant | ) | |

## OPINION and ORDER

Premiere Food Service, Inc. has moved to dismiss Mark McKinley's claim of employment discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, found in Count 2 of his complaint. Premiere Food Service says that because Mr. McKinley admits in his complaint that he didn't file a charge of discrimination with the Equal Employment Opportunity Commission, he hasn't established that he exhausted his administrative remedies prior to bringing suit under the ADA and dismissal of Count 2 is proper under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In response, Mr. McKinley agrees that Count 2 should be dismissed because he hasn't yet complied with the requirement of filing a charge with the EEOC.

While exhaustion of administrative remedies doesn't constitute an absolute jurisdictional prerequisite to bringing suit, Mr. McKinley hasn't argued that the

filing requirement in this case is subject to waiver, estoppel, or equitable tolling. *See* Gibson v. West, 201 F.3d 990, 993-994 (7th Cir. 2000). Accordingly, the court GRANTS the motion of Premiere Food Service for partial dismissal [docket # 12] and DISMISSES Count 2 of the complaint without prejudice.

SO ORDERED.

ENTERED:   November 16, 2010

/s/ Robert L. Miller, Jr.
Judge, United States District Court